UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 12-108-HRW

JASON SETH MULLINS
and
TABITHA DAWN MULLINS,            PLAINTIFFS,

v.          **MEMORANDUM OPINION AND ORDER**

MARATHON PETROLEUM CO., LP, *et al.*,            DEFENDANTS.

This matter is before the Court upon Plaintiffs' Motion to Remand [Docket No. 18]. For the reasons set forth herein, this Court finds that remand is not appropriate.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Jason and Tabitha Mullins challenge Defendant Marathon Petroleum Company's (hereinafter "Marathon") policy concerning firearms on its premises and its application of that policy to Plaintiff Jason Mullins. He was suspended for one day without pay and placed on probation for 24 months for violation of Marathon's Weapons Policy. Specifically, according to Plaintiffs, on May 11, 2012, Ken Rakes, an employee of Defendant Securitas Security Services (hereinafter "Securitas") saw a rifle in backseat of Plaintiff's vehicle, which was parked Marathon's lot [Docket No. 1-1, ¶ 19]. Shortly thereafter, Plaintiff was called into a meeting with Jamie Alcorn, Steve Bailey and Rob Casto, during which he was read Marathon's weapon policy and told to leave the premises until he was called back into work [Docket No. 1-1, ¶ 20].

1

Six days later, Plaintiff was asked to meet with Bea Smith, Jamie Alcorn and Steve Scott [Docket No. 1-1, ¶ 21]. At that meeting he was told of the above-referenced disciplinary measures [Docket No. 1-1, ¶ 21]. Plaintiff continued to work for the next nine days.

According to the Complaint, Jason Mullins was hospitalized on May 31 and remained thus until June 4, as he has suffered an aneurism due a drastic increase in blood pressure. Plaintiffs allege the aneurism and its side effects were due to the stress he experienced as a result the disciplinary action taken against him by Marathon.

Plaintiffs further allege that Jason Mullins has been cleared to return to work, but that Marathon will not permit his return [Docket No. 1-1, ¶ 26].

On November 30, 2012, Plaintiff Jason Mullins and his wife Tabitha Mullins filed this lawsuit in Boyd Circuit Court against Marathon, Securitas, Chet Smith, Bea Smith and Jamie Alcorn [Docket No. 1-1]. The Complaint alleges that the disciplinary action taken against Plaintiff Jason Mullins violates KRS § 237.106 and KRS § 527.020[8] as well the public policies of the Commonwealth of Kentucky. Jason Mullins claims that he suffered emotional distress, resulting in physical illness as a result of Defendants' actions. Plaintiff Tabitha Mullins seeks damages for loss of consortium.

Plaintiffs are citizens of Kentucky, as are Defendants Bea Smith and Jamie Alcorn.

On December 21, 2012, Defendants filed a Notice of Removal in this Court, alleging jurisdiction pursuant to 28 U.S.C. 1332 [Docket No. 1]. In their Notice, Defendants acknowledge that Defendants Smith and Alcorn are non-diverse but that their citizenship should be disregarded pursuant to the doctrine of fraudulent joinder.

Subsequently, Plaintiffs amended their Complaint to add additional causes of action

2

against Defendants Smith and Alcorn, to-wit, tortiuous interference with contractual relations and civil conspiracy [Docket No. 13].

Plaintiffs seek a remand of this case to Boyd Circuit Court. Plaintiffs argue that this Court lacks jurisdiction over this matter as the parties are not diverse, as required by 28 U.S.C. § 1332. The issues of jurisdiction and, more specifically, fraudulent joinder have been fully briefed by the parties [Docket Nos. 18, 23, 24, 29 and 32].

## II. APPLICABLE LAW

The basis for the removal of this matter is 29 U.S.C. § 1332 which states, in pertinent part, that a district court "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . .and is between citizens of different States." 28 U.S.C. § 1332 (a)(1). The parties have not suggested that the amount in controversy is in dispute. The issue before the Court is whether this civil action is between citizens of different States. Defendants contend that although Plaintiffs and two of the Defendants are citizens of Kentucky, this fact should be disregarded by this Court in determining whether diversity exists. This feint is the result of the much maligned doctrine of fraudulent joinder, which creates an exception to the requirement of complete diversity of citizenship. *See generally*, *Coyne v. American Tobacco Co.*, 183 F. 3d 488, 493 (6th Cir. 1999).

"When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Casias v. Wal-Mart Stores*, 695 F.3d 428. 432 (6th Cir. 1999)(internal citations omitted). A defendant is fraudulently joined if it is "clear

3

that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law" *Id.* The relevant inquiry is whether there is "a colorable basis for predicting that a plaintiff may recover against [a defendant]." *Id.*

### III. ANALYSIS

In Count I of their Complaint, Plaintiffs allege violation of KRS § 237.106. The statute provides, in pertinent part:

> (1) No person, including but not limited to an employer, who is the owner, lessee, or occupant of real property shall prohibit any person who is legally entitled to possess a firearm from possessing a firearm, part of a firearm, ammunition, or ammunition component in a vehicle on the property.
> ...
> (4) An employer that fires, disciplines, demotes, or otherwise punishes an employee who is lawfully exercising a right guaranteed by this section and who is engaging in conduct in compliance with this statute shall be liable in civil damages. An employee may seek and the court shall grant an injunction against an employer who is violating the provisions of this section when it is found that the employee is in compliance with the provisions of this section.

KRS § 237.106 (1) and (4).

The statute does not apply to Defendants Smith and Alcorn. It its own unambiguous terms, the statute applies to employers and the owners, lessees or occupants of real property. Defendants Smith and Alcorn are not the employers of Plaintiff Jason Mullins. They are employees of Marathon, just like him. Nor can Smith and Alcorn be brought within the purview of the statute as "owners, lessees or occupants" because Plaintiffs have not alleged that these Defendants have any interest in the property upon which Marathon's facility is located. Further, the remedy under the statute applies to employers, not individuals. This Court cannot construe or interpret these statutes beyond the plain meaning of clear and unambiguous language. *See*

4

*generally, Griffin v. City of Bowling Green, Ky.*, 458 S.W.2d 456 (Ky. 1970). Therefore, Plaintiffs do not have a colorable cause of action against Defendants Smith and Alcorn pursuant to KRS § 237.106.

Similarly, Plaintiffs claim in Count II of the Complaint cannot be used as a basis for liability against Defendants Smith and Alcorn. KRS § 527.020(8) does not provide a private right of action against these Defendants. This statute states:

> A loaded or unloaded firearm or other deadly weapon shall not be deemed concealed on or about the person if it is located in any enclosed container, compartment, or storage space installed as original equipment in a motor vehicle by its manufacturer, including but not limited to a glove compartment, center console, or seat pocket, regardless of whether said enclosed container, storage space, or compartment is locked, unlocked, or does not have a locking mechanism. No person or organization, public or private, shall prohibit a person from keeping a loaded or unloaded firearm or ammunition, or both, or other deadly weapon in a vehicle in accordance with the provisions of this subsection. Any attempt by a person or organization, public or private, to violate the provisions of this subsection may be the subject of an action for appropriate relief or for damages in a Circuit Court or District Court of competent jurisdiction.

KRS § 527.020(8)

Plaintiffs do not allege that either Smith or Alcorn took any action to prohibit Jason Mullins from storing a weapon in accordance with the statute. Therefore, Plaintiffs do not have a colorable claim against Defendants Smith and Alcorn in this regard.

In Count III of their Complaint, Plaintiffs allege violation of public policy. However, the cases involving this issue deal with employer liability, not the liability of co-workers. *See e.g. Mitchell v. University of Kentucky*, 366 S.W.3d 895 (Ky. 2012)(the court stated "[t]he narrow question presented in this case is whether any fundamental and well-defined public policy limits

5

the authority of a university to control the possession of deadly weapons on its campus...."). There seems to be no colorable basis for recovery against individual Defendants Smith and Alcorn.

Plaintiffs claim for tortiuous interference with contractual relations is likewise inapplicable to Defendants Smith and Alcorn. In this regard, Plaintiffs allege that these Defendants were agents of Marathon and possessed the authority to act on Marathon's behalf with respect to the challenged disciplinary action. However, agents of a corporation cannot be liable for tortiuous interference with the corporation's own contracts. *McCarthy v. KFC Corp.*, 607 F. Supp. 343, 345 (W.D. Ky. 1985). A claim for tortiuous interference will only lie against "one who, without a privilege to do so, induce[d] or otherwise cause[d] a third person not to ... perform a contract with another...." *Carmichael-Lynch-Nolan Adver. Agency, Inc. v. Bennett & Assocs., Inc.*, 561 S.W.2d 99, 102 (Ky. App. 1977) (internal citations omitted). In other words, alleging that Marathon, through its employees, tortiously interfered with itself, is not valid.

The Amended Complaint also includes a claim of civil conspiracy against Defendants Smith and Alcorn. A claim for civil conspiracy requires "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co.*, 277 S.W.3d 255, 261 (Ky. App. 2008). "The question of whether a conspiracy theory has been adequately pled often turns upon the existence of an agreement, which is the essential element of a conspiracy claim, and in pleading that a defendant entered into an agreement, 'the plaintiff must set forth more than just conclusory allegations of the agreement....'" *Acosta Orellana v. Croplife Int'l*, 711 F. Supp. 2d 81, 113 (D.D.C. 2010).

6

Plaintiffs' Amended Complaint fails to allege the existence of an agreement. Rather, Plaintiffs' allegation is wholly conclusory: "The Defendants corruptly or unlawful[ly] conspired or agreed to find or manufacture evidence against the Plaintiff, in order to subject him to disciplinary procedures and/or termination from employment." There are no details concerning when this conspiracy came about, how it was put into effect, what each defendant's role in the conspiracy was, the nature of the plan or agreement, etc. As Defendants point out, if conclusory allegations sufficient, a plaintiff could join anyone as a defendant in any lawsuit merely by including a conclusory allegation that they "conspired" with the primary defendant.

Moreover, to the extent Plaintiffs' claim is based on a conspiracy among Marathon employees, or between Marathon employees and Marathon itself, such a claim is precluded by the intra-corporate conspiracy doctrine. "Under the intra-corporate conspiracy doctrine, a corporation cannot conspire with its own agents or employees." *Delphi Auto. Sys, LLC v. United Plastics, Inc.*, 418 Fed. Appx. 374, 378 (6th Cir. 2011). *See also Hull v. Cuyahoga Valley Joint Voc. Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir.1991) ("Since all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy."). Therefore, Defendants Bea and Alcorn cannot be liable for civil conspiracy.

Finally, with regard to Plaintiff Tabitha Mullins' claim for loss of consortium, it cannot be used to establish claims against Defendants Smith and Alcorn. Loss of consortium is a wholly derivative claim that merely provides access to an additional category of damages if a defendant's liability can be established under another legal theory. *Rehm v. Ford Motor Co.*, 365 S.W.3d 570, 577 (Ky. App. 2011). Because Plaintiffs cannot establish liability against the non-diverse individual defendants on any of their other substantive claims, they have no right to an award of consortium

7

damages against these defendants. *Id.*

V.  **CONCLUSION**

Finding no colorable claims herein against Defendants Smith ad Alcorn, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Docket No. 18] be **OVERRULED**.

**IT IS FURTHER ORDERED** that this matter is no longer stayed and that additional briefs pertaining to Defendant Securitas' Motion to Dismiss be filed no later than **JUNE 20, 2013.**

This 22nd day of May, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge