UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 12-108-HRW

JASON SETH MULLINS
and
TABITHA DAWN MULLINS,                                              PLAINTIFFS,


v.             MEMORANDUM OPINION AND ORDER


MARATHON PETROLEUM CO., LP, *et al.*,                              DEFENDANTS.

This matter is before the following:

(1) Defendant Securitas Security Services USA, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 14];

(2) Defendant Ken Rakes' Motion to Dismiss Amended Complaint [Docket No. 22]; and

(3) Defendants Jamie Alcorn, Chet Smith and Bea Smith's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 ( c ) [Docket No. 35].

The motions have been fully briefed by the parties and, for the reasons set forth herein, the Court finds that Plaintiffs have failed to allege facts which, if proven, would be legally sufficient to state a claim or claims upon which relief could be granted against these Defendants.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Jason Mullins is employed by Defendant Marathon Petroleum Company as a barge cleaner . Plaintiffs allege that on May 11, 2012, Ken Rakes, an employee of Defendant

1

Securitas Security Services (hereinafter "Securitas") saw a rifle in backseat of Plaintiff's vehicle, which was parked Marathon's lot [Amended Complaint, Docket No. 13 at ¶ 19]. Plaintiffs allege that after the hunting rifle was observed in his vehicle, Mullins was called into a meeting with three members of Marathon"s safety department. [Doc #: 13 at ¶ 25]. Plaintiffs assert that after several meetings, Marathon informed Mullins that he was being suspended one day without pay and placed on probation for 24 months. [Doc #: 13 at ¶¶ 25-29].

Plaintiffs allege that as a result of this discipline, Mullins can now be "fired for any violation of any company rule or policy, no matter how minor." [Doc #: 13 at ¶ 30]. Plaintiffs also claim that as a result of the discipline allegedly imposed by Marathon, Mullins is unable "to apply and test for several higher-paying positions" with Marathon. [ Doc #: 13 at ¶ 31]. Plaintiffs also contend that Marathon allegedly forced him "to use all of his paid sick leave." [Doc #: 13 at ¶ 44]. Plaintiffs finally allege that Jason Mullins has been cleared to return to work, but that Marathon will not permit his return [Docket No. 1-1, ¶ 26].

On November 30, 2012, Plaintiff Jason Mullins and his wife Tabitha Mullins filed this lawsuit in Boyd Circuit Court against Marathon, Securitas, Chet Smith, Bea Smith and Jamie Alcorn [Docket No. 1-1]. The Complaint alleges that the disciplinary action taken against Plaintiff Jason Mullins violates KRS § 237.106 and KRS § 527.020[8] as well the public policies of the Commonwealth of Kentucky. Jason Mullins claims that he suffered emotional distress, resulting in physical illness as a result of Defendants' actions. Plaintiff Tabitha Mullins seeks damages for loss of consortium. The matter was removed to this Court.

Subsequently, Plaintiffs amended their Complaint to add Ken Rakes as a Defendant. The

2

Amended Complaint also included additional causes of action against Defendants Smith and Alcorn, to-wit, tortiuous interference with contractual relations and civil conspiracy [Docket No. 13].

Plaintiffs sought a remand of this case to Boyd Circuit Court, arguing that this Court lacks jurisdiction over this matter as the parties are not diverse, as required by 28 U.S.C. § 1332. The issues of jurisdiction and, more specifically, fraudulent joinder was briefed by the parties and this Court concluded that no colorable claims could be maintained against non-diverse Defendants Bea Smith and Jamie Alcorn and remand was not warranted.

Defendants Securitas, Rakes, Smith, Smith and Alcorn seek dismissal of the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12( c).

## II.    STANDARD OF REVIEW

The standard of review for a Rule 12(b)(6) motion is the same as for a motion under Rule 12( c ). *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 511–12 (6th Cir.2001) (*citing Mixon v. Ohio*, 193 F.3d 389, 399–400 (6th Cir.1999)). Thus, this Court will apply the familiar motion-to-dismiss standard, construing the record in the light most favorable to the non-moving party and accepting as true all well-pleaded allegations in the complaint. *Robert N. Clemens Trust v. Morgan Stanley DW, Inc.*, 485 F.3d 840, 845 (6th Cir.2007). In this examination, this Court need not credit "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "[A] plaintiff's obligation to provide the

'grounds' of his 'entitlement to relief, requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal alterations omitted). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). If the facts of the Amended Complaint do not meet this threshold, dismissal is proper.

## III. ANALYSIS

In Count I of the Amended Complaint, Plaintiffs allege that all Defendants violated KRS 237.106(a) by allegedly "disciplining" him for "possessing a hunting rifle in the back seat of his vehicle." [Plaintiffs' Amended Complaint, Doc #: 13 at ¶¶ 1-3, 63-64]. Count II claims the disciplinary measures allegedly imposed by Marathon violated KRS § 527.020(8). [Doc #: 13 at ¶¶ 4, 68]. Count III asserts that all Defendants are liable to Mullins for common law wrongful discharge pursuant to the public policy exception to the at-will employment doctrine. [Doc #: 13 at ¶¶ 5-6]. Count IV purports to allege a claim for civil conspiracy. [Doc #: 13 at ¶¶ 81-89. Count V purports to assert a claim against Securitas, Ken Rakes, Chet Smith, Bea Smith, and Jaime Alcorn for tortiuous interference with Plaintiffs' prospective business advantage. [Doc #: 13 at ¶¶ 92-97].

### A. The Amended Complaint fails to state a claim or claims against Securitas upon which relief can be granted.

4

I.   **Count I**

In Count I of their Complaint, Plaintiffs allege violation of KRS § 237.106. The statute provides, in pertinent part:

> (1) No person, including but not limited to an employer, who is the owner, lessee, or occupant of real property shall prohibit any person who is legally entitled to possess a firearm from possessing a firearm, part of a firearm, ammunition, or ammunition component in a vehicle on the property.
> ...
> (4) An employer that fires, disciplines, demotes, or otherwise punishes an employee who is lawfully exercising a right guaranteed by this section and who is engaging in conduct in compliance with this statute shall be liable in civil damages. An employee may seek and the court shall grant an injunction against an employer who is violating the provisions of this section when it is found that the employee is in compliance with the provisions of this section.

KRS § 237.106 (1) and (4).

The statute does not apply to Securitas. It its own unambiguous terms, the statute applies to employers and the owners, lessees or occupants of real property. Securitas is not the employer of Plaintiff Jason Mullins. Moreover, Plaintiffs have not alleged any facts which demonstrate that Securitas fired, disciplined, demoted or otherwise punished Mullins. Nor can Securitas be brought within the purview of the statute as "owners, lessees or occupants" because Plaintiffs have not alleged that Securitas has any interest in the property upon which Marathon's facility is located. Further, the remedy under the statute applies to employers, not individuals. This Court cannot construe or interpret these statutes beyond the plain meaning of clear and unambiguous language. *See generally, Griffin v. City of Bowling Green, Ky.*, 458 S.W.2d 456

(Ky. 1970). Therefore, Plaintiffs cannot maintain a claim against Securitas pursuant to KRS § 237.106.

### ii. Count II

Similarly, Plaintiffs claim in Count II of the Amended Complaint, alleging violation of KRS 527.020, cannot be used as a basis for liability against Securitas. First, this statute sets forth the law in Kentucky with regard to *concealed* deadly weapons. The Statute does not speak to the rights of Kentucky citizens with regard to deadly weapons that, as in this case are *not concealed*.

Further, although the statute also outlines certain exceptions to what constitutes a concealed weapon, it *does not* create any substantive right with regard to a deadly weapon that is not concealed. The statute provides in pertinent part:

> A loaded or unloaded firearm or other deadly weapon shall not be deemed concealed on or about the person if it is located in any enclosed container, compartment, or storage space installed as original equipment in a motor vehicle by its manufacturer, including but not limited to a glove compartment, center console, or seat pocket, regardless of whether said enclosed container, storage space, or compartment is locked, unlocked, or does not have a locking mechanism. No person or organization, public or private, shall prohibit a person from keeping a loaded or unloaded firearm or ammunition, or both, or other deadly weapon in a vehicle in accordance with the provisions of this subsection. Any attempt by a person or organization, public or private, to violate the provisions of this subsection may be the subject of an action for appropriate relief or for damages in a Circuit Court or District Court of competent jurisdiction.

KRS § 527.020(8).

Moreover, as with Count I, Plaintiffs have failed to allege any facts to establish Securitas engaged in conduct proscribed by the Statute. KRS 527.020(8) provides that a person

or organization shall not "*prohibit*" a person from keeping a loaded or unloaded firearm or ammunition, or both, in a vehicle "in accordance with the provisions of this subsection." KRS 527.080(8) (emphasis added). Plaintiffs have not alleged that Securitas "prohibited" Mullins from doing anything. As noted above, Plaintiffs" Amended Complaint does not contain a single factual allegation to suggest that Securitas or its security officer had any role in what transpired between Mullins and hie employer, defendant Marathon, following the alleged events of May 11, 2012. Plaintiffs' Amended Complaint does not allege, and cannot allege, that Securitas or its guard imposed any rules upon Mullins, determined or implemented any "discipline" that was allegedly imposed upon him, or made any decisions with regard to his employment status, prospects for promotion or advancement, probationary period, or any of the other supposed disciplinary measures allegedly imposed. As such, the claim against Securitas in Count II of the Amended Complaint fails as a matter of law.

### iii. Count III

Count III of Plaintiffs' Amended Complaint alleges to state a claim for common law wrongful discharge pursuant to the public policy exception to the at-will employment doctrine. The terminable-at-will doctrine and the public policy exceptions to that doctrine address the respective rights and duties as between an employer and its employee. *See e.g. Mendez v. University of Ky. Bd. of Trustees*, 357 S.W.3d 534, 544 (Ky. App. 2011) (*citing Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 198 (Ky. 2001)) ("Kentucky law permits an employer to discharge an employee for good cause, for no cause, or for a cause that some might view as morally indefensible."").

Application of this doctrine is premised upon the employer - employee relation, a

7

relationship that does not exist between Securitas and Mullins. Securitas was not Plaintiff"s employer. Plaintiff was not discharged from employment with Securitas. In fact, Plaintiff was not discharged from his employment with Marathon. Therefore, Count III does not adequately state a claim against Securitas.

    **iv.    Count IV**

Count IV alleges civil conspiracy. A claim for civil conspiracy requires "a corrupt or unlawful combination or agreement between two or more persons to do by concert of action an unlawful act, or to do a lawful act by unlawful means." *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co.*, 277 S.W.3d 255, 261 (Ky. App. 2008). "The question of whether a conspiracy theory has been adequately pled often turns upon the existence of an agreement, which is the essential element of a conspiracy claim, and in pleading that a defendant entered into an agreement, 'the plaintiff must set forth more than just conclusory allegations of the agreement....'" *Acosta Orellana v. Croplife Int'l*, 711 F. Supp. 2d 81, 113 (D.D.C. 2010).

Plaintiffs' Amended Complaint fails to allege the existence of an agreement. Rather, Plaintiffs' allegation is wholly conclusory: "The Defendants corruptly or unlawful[ly] conspired or agreed to find or manufacture evidence against the Plaintiff, in order to subject him to disciplinary procedures and/or termination from employment." There are no details concerning when this conspiracy came about, how it was put into effect, what each defendant's role in the conspiracy was, the nature of the plan or agreement, etc.

Moreover, the claim also fails as against Securitas because Count IV lacks any tort upon which to be based. Kentucky"s highest court has found that "there is no such thing as a civil action for conspiracy." *James v. Wilson*, 95 S.W. 3d 875, 897 (Ky. App. 2002) (discussing the


Supreme Court"s holding in *Davenport's Adm'x v. Crummies Creek Coal Co.*, 299 Ky. 79, 184 S.W. 887, 888 (1945)). Rather, "the action is for damages caused by acts committed pursuant to the formed conspiracy." *Id.* (citing *Davenport's Adm'x*, 184 S.W. at 887). In other words, "civil conspiracy is not a free-standing claim; rather, it merely provides a theory under which a plaintiff may recover from multiple defendants for an underlying tort." *Stonestreet Farm, LLC v. Buckram Oak Holdings, N.V.*, 2010 WL 2696278 at *13 (Ky. App. 2010) (citing *Davenport's Adm'x v. Crummies Creek Coal Co.*, 299 Ky. 79, 184 S.W. 887, 888 (1945)). A claim of civil conspiracy that lacks a tort to be based upon "cannot survive as a matter of law." *Id.* at *14.

In this case, as discussed herein, Securitas cannot be liable to Plaintiffs for any claim asserted in the Amended Complaint. For this separate reason, in addition to the fact that Plaintiff has failed to allege sufficient facts to state a claim, Count IV fails as a matter of law.

v. **Count V**

Count V of the Amended Complaint alleges allege a claim against Securitas and the other defendants for tortiuous interference with prospective business advantage. Kentucky recognizes the Restatement (Second) of Torts as reflective of the law related to interference with prospective business advantage. *National Collegiate Athletic Ass'n By and Through Bellarmine College v. Hornung*, 754 S.W.2d 855 (Ky. 1988). The Restatement provides that "one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby." *Ford*, 2012 WL 1657133 at *11 (citing Restatement (First) of Torts § 766 (1939)). "Speculation is insufficient to support a claim in tort." *Id.* (citing *O'Bryan v. Cave*, 202 S.W.3d 585, 588 (Ky. 2006)).

9

In addition, Kentucky law is well-settled that in order to prevail on a claim for interference with prospective business advantage, a party seeking recovery "must show malice or some significantly wrongful conduct." *National Collegiate Athletic Ass'n By and Through Bellarmine College v. Hornung*, 754 S.W.2d 855, 859 (Ky. 1988). A plaintiff must demonstrate that "a wrongdoer intentionally meddled with an agreement without justification or invaded contractual relations by engaging in significantly wrongful conduct." *Hunt Enterprises, Inc. v. John Deere Indus. Equipment Co.*, 18 F. Supp. 2d 697, 702 (W.D. Ky. 1997) (quoting *Blair v. General Motors Corp.*, 838 F.Supp. 1196, 1200 (W.D. Ky. 1993)).

In this regard, Plaintiffs have not alleged, let alone shown facts to substantiate, that Securitas or Ken Rakes acted with "malice" or otherwise engaged in "significantly wrongful conduct," which is a required element of the claim. *See Hornung*, 754 S.W.2d at 859. Plaintiffs have alleged no facts to substantiate the conclusory allegation that Securitas "deliberately and intentionally acted in a manner than interfered with" the at-will employment relationship between Plaintiff and Marathon. Plaintiffs have alleged no facts to substantiate the allegation that Securitas or Ken Rakes had an improper desire to have the Plaintiff or another employee terminated from employment with Defendant Marathon. [*See* Amended Complaint, Doc. # 13 at ¶ 93]. Plaintiff has alleged no facts to show that Securitas or Ken Rakes took any actions "with the knowledge and intent that those actions would interfere with the business relationship between the Plaintiff and Marathon." [Doc. # 13 at ¶ 96]. Plaintiff has alleged no facts to support the claim that Securitas or Ken Rakes took any alleged action "with knowledge that they would severely damage his reputation and standing with his employer, supervisor, co-workers, friends and family."[Doc. # 13 at ¶ 97]. Rather, Plaintiff merely recited the

10

elements of the claim. This is insufficient and warrants dismissal of this claim. Despite naming Securitas as a Defendant in this case, Plaintiffs have failed to allege any facts which, proven, would subject Securitas to liability. Therefore, all claims alleged against Securitas will be dismissed.

**B. The Amended Complaint fails to state a claim or claims against Ken Rakes upon which relief can be granted.**

Plaintiffs' case against Defendant Ken Rakes is: "[o]n or about May 11, 2012, Ken Rakes, an employee of Securitas Security Services, apparently under the direction and supervision of Steve Bailey, a Marathon employee, walked past Plaintiff's vehicle in a Marathon-controlled parking lot. While passing Plaintiff's vehicle, Rakes noticed a rifle in the back seat. Rakes notified Bailey and other Securitas employees of this fact." [Plaintiffs' Amended Complaint, Doc #: 13 at ¶ 22]. Yet, these allegations do not give rise to liability. Neither Rakes nor his employer, Securitas, ever employed the Mullins. Rakes did not impose discipline upon the Mullins.. Rakes did not create or implement Marathon's weapon, or any other, policy. Rakes did not convene or participate any meetings with Mullins to discuss Marathon's weapon or other employee policy. Rakes has no knowledge of and no role in implementing Marathon"s "pattern and practice regarding testing and promotion of employees" and had no role in determining and no knowledge of whether Mullins "met the qualifications necessary to apply and test for [] higher paying positions." {Doc. #:13 at ¶¶ 32, 35]. He has no access to Mullins employment file and have no information concerning any discipline being imposed upon him. He did not set the terms of the probation and, if it is true, as Plaintiffs allege, that Mullins can "be fired for any violation of any company rule or policy, no matter how

11

minor." [Doc. #:13 at ¶¶ 30]. had no role in allegedly preventing Mullins from applying and testing for higher-paying positions with Marathon, if indeed Mullins has been so prevented. Rakes has no knowledge of when or how Plaintiff used his sick leave, or at whose direction he allegedly did so. In sum, Plaintiffs have not alleged a set of facts upon which Rakes' liability can be premised.

### C. The Amended Complaint fails to state a claim or claims against Jamie Alcorn, Bea Smith or Chet Smith upon which relief can be granted.

By Memorandum Opinion and Order entered on May 22, 2013, this Court found that Plaintiffs failed to allege any colorable claims against Jamie Alcorn or Bea Smith [Docket No. 33]. The Court will not revisit its analysis as to those Defendants and finds that dismissal of the claims against them is appropriate.

Although the aforementioned opinion did not pertain directly to Chet Smith, the findings apply to him with equal force. The only factual allegation about Chet Smith's liability in the Amended Complaint is the general allegation in Paragraph 14 that "Defendants Bea Smith, Chet Smith, and Jamie Alcorn had direct involvement in the actions described herein, and had decision-making authority as it concerned Plaintiff's disciplinary action." As this Court determined that Plaintiffs failed to assert a viable claim against Alcorn and Bea Smith, the allegations in Paragraph 14, which do not differentiate Chet Smith's conduct from Alcorn or Bea Smith at all, cannot suffice to state a claim against Chet Smith.

### V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

(1) Defendant Securitas Security Services USA, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 14] be **SUSTAINED** and all claims against Securitas Security Services USA, Inc. be **DISMISSED WITH PREJUDICE;**

(2) Defendant Ken Rakes' Motion to Dismiss Amended Complaint [Docket No. 22] be **SUSTAINED** and all claims against Ken Rakes be **DISMISSED WITH PREJUDICE;** and

(3) Defendants Jamie Alcorn, Chet Smith and Bea Smith's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12 ( c ) [Docket No. 35] be **SUSTAINED** and all claims against Jamie Alcorn, Chet Smith and Bea Smith be **DISMISSED WITH PREJUDICE.**

This is an **INTERLOCUTORY** and **NON- APPEALABLE ORDER**.

This ⁶ day of August, 2013.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge